Tim Kelley, Director Missouri Department of Agriculture Post Office Box 630 1616 Missouri Boulevard Jefferson City, Missouri 65102
Dear Director Kelley,
This opinion is in response to your question asking:
 Whether existing law, under Chapters 262 or 281, RSMo, prohibits the University of Missouri, any county extension council or program from charging farmers a fee for participation in a private applicator training course or for educational materials provided by the University of Missouri Cooperative Extension Service when acting for the Director of the Department of Agriculture under a Memorandum of Understanding.
We understand the educational materials about which you inquire are materials which a participant in the course would need to successfully complete the course.
The duties and powers of the Director of the Department of Agriculture are set out primarily in Section 261.020, RSMo 1986, which provides in part:
 261.020. Duties and powers of director. — The state director of the department of agriculture is hereby constituted the official who has supervision of the state fair and of all the legalized departments of the state which are of a regulatory nature for the advancement of horticulture and agriculture. He shall cooperate with the college of agriculture of the university of Missouri in all ways beneficial to the horticultural and agricultural interests of the state, without duplicating research, extension or educational work conducted by said college, but nothing herein shall be construed as to subordinate the state department of agriculture to the said college of agriculture. . . .
Chapter 281, RSMo, empowers the Director of the Department of Agriculture to provide for the regulation of the use of pesticides. Section 281.030, RSMo Supp. 1991, provides in part:
 281.030. Classification of licenses, how made — rulemaking powers, suspension and reinstatement procedure — fees. — 1. The director may, by regulation, classify certified applicator, operator or technician licenses to be issued under sections 281.010 to 281.115. Such classifications may include but not be limited to commercial applicators, noncommercial applicators, private applicators, public operators or pesticide technicians. . . .
* * *
Section 281.040, RSMo Supp. 1991, provides in part:
 281.040. Private applicator's license, qualifications for, duration, renewal — emergency use of restricted pesticides, when authorized. —
 1. No private applicator shall use any restricted use pesticide unless he first complies with the requirements determined pursuant to subsection 2 or 5 of this section, as necessary to prevent unreasonable adverse effects on the environment, including injury to the applicator or other persons, for that specific pesticide use.
 2. The private applicator shall qualify for a certified private applicator's license by attending a course of instruction provided by the director on the use, handling, storage and application of restricted use pesticides. The content of the instruction shall be determined and revised as necessary by the director. Upon completion of the course, the director shall issue a certified private applicator's license to the applicant. The director shall not collect a fee for the issuance of such license. [Emphasis added.]
* * *
Along with your opinion request, you enclosed a copy of a "Memorandum of Understanding" entered into in 1975 by the Director of the Department of Agriculture and the Director of the University Extension Food and Fiber Programs. The memorandum provides that "[t]he Extension Service will accept responsibility for developing an educational program for the training of private applicators, commercial applicators, and possibly pesticide dealers."
In construing the provisions of a statute, legislative intent should be ascertained from the language used, considering words in their plain and ordinary meaning. Metro Auto Auctionv. Director of Revenue, 707 S.W.2d 397, 401 (Mo. banc 1986). Section 281.040.2 provides a prerequisite for an individual to qualify for a certified private applicator's license, namely, attendance of "a course of instruction provided by the director on the use, handling, storage and application of restricted use pesticides." Pursuant to the cooperative relationship between the Department of Agriculture and the University of Missouri discussed in Section 261.020, the Director of the Department of Agriculture provides a course of instruction by using the services of the University of Missouri. Section 281.040.2 further provides that on completion of the course of instruction, the applicant shall be issued a certified private applicator's license and "[t]he director shall not collect a fee for the issuance of such license." Because the course of instruction is a requirement for licensure, we conclude the two are so closely related that a fee for the course of instruction or for educational materials needed to successfully complete the course would constitute a fee for the license, which is prohibited by Section 281.040.2
Section 262.593.3, RSMo 1986, provides that University of Missouri extension councils "may collect fees for specific services which require special equipment or personnel, such as a soil testing laboratory, seed testing service or othereducational service. . . ." [Emphasis added.] This provision applies generally to services offered by extension councils. Section 281.040.2 specifically prohibits the charging of a fee for the issuance of a certified private applicator's license.
 Where there is one statute dealing with a subject in general and comprehensive terms and another dealing with a part of the same subject in a more minute and definite way, the two should be read together and harmonized, if possible, with a view to giving effect to a consistent legislative policy; but to the extent of any necessary repugnancy between them the special will prevail over the general statutes.
Laughlin v. Forgrave, 432 S.W.2d 308, 313 (Mo. banc 1968). Following this rule of construction, we conclude that Section281.040.2 prevails over Section 262.593.3 in this instance.
CONCLUSION
It is the opinion of this office that Section 281.040.2, RSMo Supp. 1991, prohibits the charging of a fee for the course of instruction required for individuals to obtain a certified private applicator's license from the Director of the Department of Agriculture or for educational materials needed to successfully complete the course.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General